UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHUL HYUN CHO,

       Petitioner,

  v.

UNITED STATES OF AMERICA,

       Respondent.

Crim. 03-232-HA
Civil 05-1721-HA

ORDER

HAGGERTY, Chief Judge:

      Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus [61] on November 10, 2005 pursuant to 28 U.S.C. § 2255.  Petitioner alleges ineffective assistance of counsel regarding his guilty plea to two counts in a nine-count indictment, and his stipulation regarding sentencing.  For the following reasons, petitioner's petition is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

1 – Order

On February 22, 2005, petitioner pled guilty to one count of conspiracy and one count of visa fraud. At the time of the guilty plea, there remained unresolved issues related to sentencing. Prior to sentencing, defendant' counsel was removed and attorney Lisa Maxfield was appointed to represent defendant.

On July 12, 2005, the court conducted a sentencing hearing. All outstanding sentencing issues were resolved by stipulation between the parties. The plea agreement and petition were modified to reflect this resolution. As part of the plea agreement, both petitioner and the government stipulated to a Sentencing Guideline range of fifty-seven to seventy-one months, and jointly recommended a sentence of fifty-seven months. Defendant moved to waive the preparation of a pre-sentence report and requested his sentence begin immediately. The motion was granted by the court, and a sentence of fifty-seven months was imposed.

## ANALYSIS

Petitioner alleges that his former attorney provided ineffective assistance of legal counsel at sentencing for failing to seek a downward departure and for misrepresenting the plea bargain. Petitioner argues that as a result of the ineffective assistance of counsel, his plea was not knowing or voluntary.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both incompetence of counsel and prejudice to petitioner's case. The petitioner bears the burden of showing that counsel's performance was unreasonable in light of the prevailing professional norms and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The reasonableness of counsel's performance is judged on the facts of the particular

case as they were known at the time of counsel's conduct. *Bell v. Cone*, 535 U.S. 685, 698 (2002). The standard of review is highly deferential and there is a strong presumption that counsel rendered adequate assistance that fell within the wide range of reasonable professional judgment. *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (citing *Strickland*, 466 U.S. at 690).

Petitioner has alleged no facts supporting his claims of ineffective assistance of counsel. He has offered no evidence other than his unsworn, conclusory statement that he did not receive effective counsel and, as a result, his plea was involuntary.

Petitioner's argument that counsel's failure to seek a downward departure under § 5K2.20 of the Sentencing Guidelines fell below the standard of reasonable professional judgment is rejected. Petitioner received significant benefits from the modified plea agreement. The original plea agreement allowed for the government to seek increases and upward departures under the sentencing guidelines. The stipulated agreement restricted the guideline range, and contained a joint recommendation of fifty-seven months, which was accepted by the court.

Moreover, assuming *arguendo* that counsel's failure to seek a downward departure under § 5K2.20 of the sentencing guidelines fell below the standard of reasonable professional judgment, petitioner has failed to demonstrate prejudice. Section 5K2.20 departures are available only to defendants who have committed a single criminal occurrence, without planning, and of limited duration. U.S.S.G. § 5K2.20(b). Here, petitioner admits that his crimes involved multiple transactions, required significant planning, and were ongoing for over five years before his arrest. Petitioner has not met his burden of demonstrating that but for the alleged unreasonable conduct of his counsel, the outcome of the sentencing would have been

3 – Order

different. *Strickland*, 466 U.S. at 687.

Petitioner's final argument is that due to counsel's ineffective assistance, his plea was not knowing and voluntary. The record demonstrates that counsel for petitioner spent hours discussing the plea and the sentencing issues with petitioner. Defendant represented to the court that he had discussed the case with his attorney, that he had been advised and understood the charges against him and any possible defenses, and that he understood the ramifications of a guilty plea. Moreover, petitioner tendered a signed plea petition that stated he offered his plea freely and voluntarily and with a full understanding of the statements set forth. Gov. Resp. in Oppos. to Petitioner's Motion, Ex. 2 at p.7. Accordingly, this aspect of the petition is also denied.

## **CONCLUSION**

For the foregoing reasons, petitioner's petition [61] is DENIED.

IT IS SO ORDERED.

DATED this __7__ day of March, 2006.

                                   ____/s/Ancer L.Haggerty_____
                                            Ancer L. Haggerty
                                    United States District Judge